IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-001781-GPG

EDWARD ALLEN, a/k/a Edward A. Clutts,

    Plaintiff,

v.

EXECUTIVE DIRECTOR OF THE DEPARTMENT OF CORRECTIONS,
PHYSICIAN HEALTH PARTNERS,
ROY HAVENS, P.A.,
COLORADO DEPARTMENT OF CORRECTIONS, and
JOHN DOE,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Edward Allen, a/k/a Edward A. Clutts, is in the custody of the Colorado Department of Corrections (CDOC) at the Colorado Territorial Correctional Facility (CTCF) in Canón City, Colorado.  He has filed a Prisoner Complaint, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, claiming that he is being denied adequate medical care, in violation of the Constitution.  Mr. Allen has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Allen is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Allen will be ordered to file an amended complaint.

Mr. Allen alleges in the Complaint that Defendant Physician Health Partners (PHP) has been treating his blood clots with blood thinner medication since April 2012. Plaintiff states that when he arrived at the CTCF in May 2012, Defendant P.A. Havens informed him that he would be on blood thinner medication "the rest of his life" because of the multiple blood clots in his left leg. (ECF No. 1 at 4). However, in August 2013, Defendant P.A. Havens removed Plaintiff from his blood thinner medication, telling Plaintiff that "[he] believe[d] the blood clots [were] gone." (*Id.*). Mr. Allen thereafter filed two kites with the medical department concerning the decision to remove his blood thinner medication, but received no response. Instead, Defendant P.A. Havens entered a false note in Plaintiff's medical record that Plaintiff had requested to be taken off the medication. In July 2014, Mr. Allen was hospitalized in the prison infirmary for a week due to multiple blood clots in his leg. Mr. Allen asserts that the John Doe Defendant, who is a physician at CTCF and Defendant P.A. Haven's supervisor, is liable for failing to adequately supervise Havens and for ignoring Plaintiff's medical kites. Plaintiff seeks prospective injunctive relief against Defendant Executive Director of the CDOC and Defendant CDOC in the form of referral to an outside vascular specialist to "examine and determine cause and the appropriate treatment of the Plaintiff's blood clot condition" and to reinstate his blood thinner medication. (ECF No. 1, at 4). Mr. Allen also requests an award of damages.

The Prisoner Complaint is deficient because the § 1983 claims against Defendant CDOC are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v.*

*Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).  The CDOC is entitled to Eleventh Amendment immunity.  *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988).  Congress did not abrogate Eleventh Amendment immunity through Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Accordingly, the CDOC is an improper party to this action.

The Prisoner Complaint is also deficient because Mr. Allen fails to allege specific facts to show the personal participation of the CDOC Executive Director in a deprivation of his constitutional rights.  Personal participation is an essential element of a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A supervisor can only be held liable for his own deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").  Mr. Allen does not allege facts to show that the CDOC Executive Director was personally involved in decisions concerning his medical care at the CTCF.

Furthermore, with regard to Defendant PHP,[1] "'[t]he established principles of municipal liability have been found to apply to § 1983 claims brought against private corporations like [proposed] Defendant PHP.'" *Ortiz v. Falk*, No. 13-cv-00612-PAB-MJW, 2014 WL 984933, at *10 (D. Colo. March 13, 2014) (quoting *Rhodes v. Physician Health Partners (PHP)*, No. 09-cv-482-REB-KLM, 2010 WL 728213, at *5 (D. Colo. Feb. 24, 2010)). "Therefore, according to the principles of municipal liability, a private actor such as PHP 'cannot be held liable solely because it employs a tortfeasor-or, in other words . . . cannot be held liable under § 1983 on a respondeat superior theory.'" *Id*. (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). Instead, Plaintiff must allege facts to show that Defendant PHP directly caused the constitutional violation by instituting an official policy or custom that was the "moving force" behind the constitutional violation. *Monell*, 436 U.S. at 694-95; *see also* City *of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. In the Complaint, Mr. Allen does not allege that a policy or custom of PHP caused the alleged deprivation of adequate medical care. Accordingly, it is

ORDERED that Plaintiff file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

---

[1] PHP, a private entity, which does business under the name "Correctional Health Partners," contracts with the CDOC to manage the referral and approval of medical care by outside specialists, somewhat in the nature of managed health care outside the prison environment. *See Self v. Milyard*, No. 11-cv-00813-RBJ-CBS, 2012 WL 3704958, at *3 (D. Colo. July 31, 2012).

4

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some or all of this action without further notice for the reasons discussed above. It is

DATED August 31, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge